## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CR. NO. 2:07cr11-MHT** |
| | ) | |
| **KEVIN ONEIL BROWN** | ) | |
| | ) | |

### PLEA AGREEMENT

DEFENSE COUNSEL:          William Rives Blanchard , Jr.

ASSISTANT U.S. ATTORNEY:     Christopher A. Snyder

### COUNTS AND STATUTES CHARGED

Count 1:              18 U.S.C. § 371 (Conspiracy)
Counts 2-5            18 U.S.C. §§ 641 and 2 (Theft of Government Property)
Count 6-7:            18 U.S.C. § 1343 (Wire Fraud)

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1:              18 U.S.C. § 371 (Conspiracy)

### STATUTORY MAXIMUM PENALTIES

Sentence: a term of imprisonment of not more than five years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

### ELEMENTS OF THE OFFENSE

Count 1:

First:      That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan.

Second:     That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

Third:        That one of the conspirators during the existence of the conspiracy knowingly
              committed at least one overt act; and

Fourth:       That such "overt act" was knowingly committed at or about the time alleged
              in an effort to carry out or accomplish some object of the conspiracy.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher A. Snyder, Assistant United States Attorney, and William Rives Blanchard , Jr.,

attorney for the defendant, pursuant to 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal

Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore

entered into discussions with a view towards reaching a pretrial conclusion of the charges pending

in the Indictment and a Plea Agreement has been reached by said parties.  The plea is being

submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C),

and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the

defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1.    For purposes of the calculation of defendant's offense level under the 2006 United

States Sentencing Guidelines, the government agrees that:

      a.    A two-level decrease for acceptance of responsibility is applicable, see
              U.S.S.G. § 3E1.1(a), so long as, between the date of this agreement and the
              date of sentencing, defendant does not obstruct justice, commit any new
              federal or state offenses, or otherwise fail to accept responsibility for the
              offense conduct.

      b.    The defendant will not file a motion for downward departure or argue for a
              downward departure, and the government will not file a motion for upward
              departure or argue for an upward departure.

      c.    Neither the defendant, nor the government will request or argue for a variance
              of the sentence imposed pursuant to the factors enumerated in 18 U.S.C. §
              3553, as would otherwise be permitted under *United States v. Booker*.

-2-

2.      The government agrees, with the defendant, that the amount of restitution shall be

$26,200.00 to FEMA and $1,565.00 to the American Red Cross for a total restitution of $27,765.00

3.      The government agrees to a sentence as follows:

a.      if the Guideline Range is determined to be in Zone A, then a sentence of no more than three years probation; or

b.      if the Guideline Range is determined to be in Zone B, then a sentence of three years probation, including home detention for a period equal to the bottom of the applicable Guideline Range as calculated by the Probation Officer; or

c.      if the Guideline Range is determined to be in Zone C, then a spilt sentence in which the total term of custody is equal to the bottom of the applicable Guideline Range as calculated by the Probation Officer; or

d.      if the Guideline Range is determined to be in Zone D, then a term of incarceration equal to the bottom of the applicable Guideline Range as calculated by the Probation Officer.

4.      The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

1.      The defendant agrees to plead guilty to Count 1 of the Indictment.

2.      The defendant agrees with the calculation of the offense level, the amount of restitution, and the sentence as set forth in paragraphs 1, 2, and 3 of the government's provisions.

3.      The defendant further agrees to the following:

a.      To forfeit any and all firearms in his possession.

b.      To not commit state, federal, or local crimes.

c.      To waive appeal and collateral attack as detailed below.

**FACTUAL BASIS**

1.      The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1 as follows:

2.      At all times relevant, the Defendant Kevin Oneil Brown, resided in the Middle District of Alabama. At times relevant to this Indictment Brown shared an apartment in Greenville, Alabama with Alethia Scott, a co-conspirator.

3.      On or about September 29, 2005, Scott caused to be filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, an application for benefits in connection with Hurricane Katrina, which falsely represented that she had suffered losses to a trailer she owned as her primary residence in Stockton, Alabama. At times relevant to this Indictment, Brown assisted Scott in propagating this portion of the scheme.

4.      On or about September 13, 2005, Brown filed with the American Red Cross an application for disaster assistance in connection with Hurricane Katrina, which falsely represented that he lived at and suffered losses a residence at 11240 Broughton Rd. in Stockton, Alabama.

5.      Neither Brown, nor Scott resided in Stockton, owned a trailer, or suffered any of the losses claimed.

6.      FEMA accepted Scott's application and caused a series of United States Treasury checks in the amounts of $12,708.00, $2,208.00, $315.46, and $10,968.54, respectively to be mailed to an address in Greenville, Alabama. Scott received each of the checks and cashed them. Brown received proceeds from and benefitted from these checks.

-4-

7.    The American Red Cross accepted Brown's application and wire transferred him two Western Union Money Transfers from Washington, D.C. to Greenville, Alabama in the amounts of $1,000.00 and $565.00. Brown received each of the money transfers and cashed both of them.

8.    From on or about September 29, 2005 through on or about March 31, 2006, in the Middle District of Alabama, Brown and Scott therefore did conspire to:

(a)    embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States in an amount in excess of $1,000, and to receive, conceal, and retain the same with the intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined and converted, contrary to Title 18, United States Code, Section 641;

(b)    devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises and in furtherance of this scheme did knowingly and willfully transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

9.    In order to effect the object of the conspiracy, Brown did a number of overt acts, including:

(a)    driving Scott to Stockon, Alabama in order to meet with a FEMA inspector;

(b)    assisting Scott in the cashing of FEMA disaster assistance checks;

(c)    sharing in the proceeds of the FEMA checks with Scott; and

(d)    traveling to a store in Greenville, Alabama in order to sign for and cash two Western Union Money Transfers.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the

-5-

sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. §

-6-

3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. §
3742(b), the defendant is released from this waiver as to any issue the defendant may raise
pursuant to 18 U.S.C. § 3742(a).

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1.      The defendant, before entering a plea of guilty to Count 1 of the Indictment as
provided for herein by said Plea Agreement, advises the Court that:

a.      The discussions between the attorney for the government and the attorney
for the defendant towards reaching an agreed plea in this case have taken place with the
defendant's authorization and consent.

b.      Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of
Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement will not
entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges
that defendant's guilty plea will remain in full force and effect upon any breach of this agreement
by the defendant.

c.      The defendant further understands that, pursuant to Title 18, United States
Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of
sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by
the Financial Litigation Section of the United States Attorney's Office. The defendant further
understands that by completing and submitting to the court or the government any financial
statements, the defendant is representing that the statement is true and accurate to the best of the
defendant's information, knowledge, and belief.

d.      The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.      The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.      The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.      The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the

-8-

government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

        h.      The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

        i.      The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

        j.      The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

        k.      The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

        2.      The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to

be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   3.  The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

   This **11TH** day of April, 2007.

         Respectfully submitted,
         LEURA G. CANARY
         UNITED STATES ATTORNEY

         Christopher A. Snyder
         Assistant United States Attorney

-10-

One Court Square
Suite 201
Montgomery, Alabama 36104

_____
Louis V. Franklin
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, William Rives Blanchard , Jr.

_____
Kevin Oneil Brown
Defendant

4/11/07
_____
Date

_____
William Rives Blanchard , Jr.
Attorney for the Defendant

4/11/07
_____
Date

-11-